983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lamberto GARCIA-DIAZ, Plaintiff-Appellant,
v.
Robert ROBERTS, et al. Defendant-Appellee.
 No. 91-15686.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1992.*
Decided Jan. 15, 1993.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Garcia-Diaz appeals from the district court's grant of summary judgment against him on his 42 U.S.C. § 1983 action for deliberate indifference to his serious medical needs. Garcia-Diaz also appeals the district court's denial of his motion for appointment of counsel under 28 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. 1291. We affirm both the grant of summary judgment and the denial of the motion for appointment of counsel.
 
 BACKGROUND
 
 3
 On September 15, 1988, Garcia-Diaz, an inmate at the Pleasanton federal prison ("FCI Pleasanton"), was cleaning a shower stall when he fell and struck his left eye against a shower faucet knob. The impact shattered a glass lens in his eyeglasses causing a portion of the lens to lodge in his left eye. Garcia-Diaz was taken to a hospital where Dr. Jonathan Savell, an ophthalmologist, performed emergency surgery to remove the lodged glass.
 
 
 4
 After surgery, Garcia-Diaz continued to see Dr. Savell. Garcia-Diaz was also treated by Appellees Cabrera and Thompson, physicians on the FCI Pleasanton medical staff. Garcia-Diaz claims that from October 1988 to October 1989 Cabrera and Thompson were deliberately indifferent to his serious medical needs arising from the injury to his left eye. Additionally, Garcia-Diaz claims that Appellee Roberts, the warden at FCI Pleasanton, was also deliberately indifferent to his serious medical needs during this period.
 
 
 5
 The district court granted Appellees' motion for summary judgment of Garcia-Diaz's deliberate indifference claim and denied Garcia-Diaz's motion for appointment of counsel. Garcia-Diaz appeals.
 
 SUMMARY JUDGMENT
 
 6
 We review de novo the district court's grant of summary judgment. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). We must determine, viewing the evidentiary materials in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 A. Issues of Material Fact
 
 7
 The district court properly ruled that there were no genuine issues of material fact regarding the seriousness of Garcia-Diaz's injury, the extent and nature of his medical treatment, and any other relevant factors regarding Appellees' alleged deliberate indifference.
 
 B. Deliberate Indifference
 
 8
 Garcia-Diaz contends that the district court erroneously granted Appellee's motion for summary judgment on his 42 U.S.C. § 1983 action for deliberate indifference to his serious medical needs. To establish a deliberate indifference claim, Garcia-Diaz must prove that he had a serious medical need and that Appellees purposefully ignored or failed to respond to that need. McGuckin v. Smith, 974 F.2d 1050, 1059, 1060 (9th Cir.1992), citing Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs constitutes unnecessary and wanton infliction of pain and violates eighth amendment).
 
 
 9
 A prisoner need not show that a defendant's actions were egregious or resulted in significant harm in order to establish a claim for deliberate indifference. McGuckin, 974 F.2d at 1061. Mere negligence in diagnosing or treating a medical condition, however, does not constitute deliberate indifference. Id. at 1059. Similarly, a finding that the defendant's neglect of a prisoner's condition was an "isolated exception ... to the defendant's overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference." Id. at 1060.
 
 
 10
 Viewing the record in the light most favorable to Garcia-Diaz, the district court properly granted summary judgment against Garcia-Diaz on his 42 U.S.C. § 1983 action for deliberate indifference. Garcia-Diaz's medical records demonstrate that he was carefully evaluated and treated by Appellees Cabrera and Thompson. Perhaps at times Cabrera or Thompson did not respond to Garcia-Diaz's complaints as soon as he would have liked. Garcia-Diaz has failed to show, however, any instance wherein Cabrera's or Thompson's actions amounted to such deliberate indifference so as to constitute the "unnecessary and wanton infliction of pain."
 
 
 11
 Similarly, Garcia-Diaz has failed to show that Roberts was personally involved in any deliberate indifference to his serious medical needs. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 972 (1992) (under 42 U.S.C. § 1983, a supervisory official may be held liable if personally involved in constitutional deprivation). Garcia-Diaz's medical treatment preceding and following Roberts's receipt of Garcia-Diaz's January 6, 1988 letter cannot form the basis for a deliberate indifference claim.
 
 APPOINTMENT OF TRIAL COUNSEL
 
 12
 Garcia-Diaz contends that the district court erroneously denied his 28 U.S.C. § 1915(d) motion for appointment of counsel. Under 28 U.S.C. § 1915(d), a district court may appoint counsel only if it finds "exceptional circumstances" warranting an appointment. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). The district court must evaluate both the likelihood that the petitioner will succeed on the merits, and the petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Id.
 
 
 13
 Garcia-Diaz has not demonstrated a likelihood of success on the merits. Consequently, the district court did not abuse its discretion when it denied his motion for appointment of counsel.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision on the briefs and without oral argument. Fed.R.App.P. 34(a), 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3