28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tony A. LUCA, Plaintiff-Appellant,
v.
Samuel LEWIS, Director; John Zimmerman, Defendants-Appellees.
 No. 93-16976.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 10, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tony Luca, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials, in his 42 U.S.C. Sec. 1983 action. Luca contends his constitutional rights under the Equal Protection Clause were violated when he was denied compassionate leave to visit his mother. We review de novo the district court's grant of summary judgment, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and we affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045. However, conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 4
 Luca contends his equal protection rights were violated when he was denied compassionate leave to visit his mother on the basis of his national origin, or alternatively, because compassionate leave is granted only to Arizona residents. This contention lacks merit.
 
 
 5
 Conclusory allegations by themselves do not establish an equal protection violation without proof of invidious discriminatory intent. See Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977).
 
 
 6
 As the district court found, there is no evidence in the record that Luca ever applied for, or was denied, compassionate leave by the defendants. Further, there is no evidence that the challenged regulation, Internal Management Policy ("IMP") 303.2, is facially discriminatory, or was applied in a discriminatory manner.[1] Summary judgment on this claim was thus proper because Luca's conclusory allegations fail to raise a genuine issue of material fact as to any violation of the Equal Protection Clause. See id.; List, 880 F.2d at 1045.
 
 
 7
 Luca next contends that the defendants violated his constitutional rights when they taped the telephone conversation he had with his mother. This contention lacks merit.
 
 
 8
 Internal Management Policy 302.8 authorizes the taping of all personal and emergency calls. As the district court stated, there are legitimate security reasons for this policy. See Turner v. Safley, 482 U.S. 78, 89 (1987) (prison regulation impinging on a prisoner's constitutional rights is valid if reasonably related to legitimate penological interest); Hewitt v. Helms, 459 U.S. 460, 472 (1983) (prison officials are allowed wide discretion to provide for the security, safety, and orderly operation of prison facilities). Therefore, summary judgment on this issue was proper. See Turner, 482 U.S. at 89; Hewitt, 459 U.S. at 472.
 
 
 9
 Luca also appears to contend that the district court erred by dismissing his action before he was able to conduct discovery. This contention lacks merit.
 
 
 10
 Below, Luca challenged the defendants' failure to answer interrogatories, and he requested a default judgment against the defendants on this ground. However, there is no evidence in the record that any interrogatories were ever served on the defendants. Further, a party opposing summary judgment must identify the information sought through discovery, and explain how the information would preclude summary judgment. See Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir.1991). Luca has failed to do so. Accordingly, the district court did not err by granting summary judgment for defendants. See id.; List, 880 F.2d at 1045.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 IMP 303.2 provides in pertinent part: "The Department may, after thorough assessment of risk factors, authorize the temporary absence of inmates from prison, for the purpose of ... attending a family member's funeral or making a hospital or bedside visit to a family member with a life threatening illness or injury or in the event of a family emergency or significant family event as determined by the Director."