91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony BUNCHE, Plaintiff-Appellant,
v.
Robert G. BORG; D Kimbrell, Asst Lt; B.A. Textor; Robert
O'Brian, Correctional Officers; Edward Grover;
Jim Taylor, Defendants-Appellees.
 No. 95-15575.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Bunche, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and affirm.
 
 
 3
 To establish a violation of the Eighth Amendment, a prisoner must show that prison officials were deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059. Upon our review of the record, we conclude that Bunche did not establish a genuine issue of material fact as to defendants' deliberate indifference to his serious medical needs. See McGuckin, 974 F.2d at 1059-61. Accordingly, the district court did not err by granting summary judgment for defendants. See id. at 1062.
 
 
 4
 Insofar as Bunche contends that prison officials violated the Eighth Amendment by assigning him to a job in the prison's mill and cabinet shop, we conclude that Bunche did not present sufficient evidence to establish that prison officials knew of any risk to Bunche's safety posed by such a job assignment. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994), cert. denied, 115 S.Ct. 1695 (1995).
 
 
 5
 Insofar as Bunche appeals his claim that defendants retaliated against him for filing this lawsuit, we conclude he did not establish that any of the defendants in this action participated in alleged acts of retaliation. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (stating that section 1983 action requires showing of personal participation in alleged constitutional violation). Insofar as Bunche appeals the district court's refusal to appoint counsel, we conclude that the district court did not abuse its discretion. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal