104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesse James WRIGHT, Plaintiff-Appellant,
v.
James GOMEZ, Director of Corrections & Warden; Julian S.
Marquez; R.H. Denninger, Deputy Director CVSP;
S. Ryan, Correctional Lieutenant;
Associates CVSP, Defendants-Appellees.
 No. 96-55118.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesse James Wright, a California state prisoner released on parole, appeals pro se the district court's denial of his motion for reconsideration concerning the district court's prior grant of summary judgment for defendants in Wright's 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of a motion for reconsideration, see School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), and we affirm.
 
 
 3
 A district court may reconsider its grant of summary judgment under Fed.R.Civ.P. 59(e) or 60(b). See id. Because Wright's motion was filed more than ten days after the grant of summary judgment, the district court properly considered the motion pursuant to Fed.R.Civ.P. 60(b). Cf. Fed.R.Civ.P. 59(e). "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.' " School Dist. No. 1J, 5 F.3d at 1263 (citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991)).
 
 
 4
 In his motion for reconsideration, Wright alleges deliberate indifference to his psychological well-being and objects to the conditions of his parole. In a stipulation filed on April 24, 1995, Wright withdrew "any claim that defendants or any other employee or agent of the State of California Department of Correction has deprived ... plaintiff of treatment for any psychological, emotional or psychiatric condition, including but not limited to post-traumatic stress disorder." The conditions of Wright's parole were never part of the § 1983 action in which the district court granted summary judgment.
 
 
 5
 Insofar as Wright contends that the magistrate judge or district court judge were biased against him, we conclude that Wright has failed to present any evidence to support his allegation. See Liteky v. United States, 510 U.S. 555-56 (1994).
 
 
 6
 Accordingly, we conclude that the district court did not err by denying Wright's motion for reconsideration. See School Dist. No. 1J, 5 F.3d at 1262-63.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Wright's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wright's motion for appointment of counsel on appeal is denied. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal