129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy CAFFREY, Plaintiff-Appellant,
v.
S. WEAVER, Sgt.; M. Marion; D. Zipf, G. Clark, T.
Grindstaff, Ron Knight, Dave Snell, B. Hanson, S.
Kelsey, D. McCoy, J. Steinloski,
Defendants-Appellees
and
Tana WOOD, John Lambert, Defendants.
 No. 96-35051.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.***
Decided Oct. 23, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington Cynthia Imbrogno, Magistrate Judge, Presiding**
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Timothy Caffrey, a Washington state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. We have jurisdiction pursuant to 28 U.S.C. §§ 636(c)(3) & 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and affirm.
 
 
 3
 Caffrey contends that the district court erred by granting summary judgment for defendants on his excessive force claim. On three separate occasions, prison officials used force to remove Caffrey from his cell or to restrain Caffrey when he became physically aggressive while outside of his cell. Upon our review of the record, we cannot conclude that the district court erred by concluding that Caffrey did not submit sufficient evidence to establish a genuine issue of material fact that prison officials used excessive force in light of the circumstances on any of these occasions. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Vaughan v. Ricketts, 859 F.2d 736, 742 (9th Cir.1988).
 
 
 4
 Caffrey also alleged that conditions of confinement in his holding cell after each disciplinary infraction violated the Eighth Amendment's prohibition on cruel and unusual punishment. Upon our review of the record, we conclude that the district court properly concluded that Caffrey failed to submit sufficient evidence to establish a genuine issue of material fact that the conditions of his confinement were cruel and unusual given his particular behaviorial history. See Anderson v. County of Kern, 45 F.3d 1310, 1313-15 (9th Cir.1995), amended by 75 F.3d 448 (9th Cir.1997); LeMaire v. Maass, 12 F.3d 1444, 1452-53 (9th Cir.1993).
 
 
 5
 Caffrey also contends that the district court erred by denying his motion for appointment of counsel. The district court did not abuse its discretion by concluding that no exceptional circumstances existed meriting appointment of counsel for Caffrey. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 6
 We reject Caffrey's remaining claims as wholly without merit.
 
 AFFIRMED.[1]
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Caffrey's request for oral argument is denied
 
 
 **
 On June 29, 1995, the parties consented to have their case tried before a magistrate judge (CR 46). See 28 U.S.C. § 636(c)(1)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal