127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny Earl EVANS, Plaintiff-Appellant,
v.
James GOMEZ, Director of CCI; George Smith, Warden of
Corcoran State Prison; T.D. Simpson, Corcoran
State Prison Program Administrator, Defendants,
and
R. CARUSO, Correctional Officer; Rodriguez, Correctional
Officer, Defendants-Appellees.
 No. 97-15773.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Robert E. Coyle, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Johnny Earl Evans appeals pro se the district court's grant of summary judgment for defendants in Evans's 42 U.S.C. § 1983 action alleging that defendants violated his Eighth Amendment rights when defendants failed to protect Evans from an attack by his cellmate. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988), and we affirm.
 
 
 3
 We affirm the district court's grant of summary judgment to defendants on Evans's Eighth Amendment claim, because Evans failed to raise a material factual dispute regarding whether defendants were deliberately indifferent to his safety when they assigned him to share a cell with an inmate who attacked him. See id. at 633-34; cf. Berg v. Kincheloe, 794 F.2d 457, 460-61 (9th Cir.1986) (holding that plaintiff presented sufficient evidence to preclude summary judgment for defendant on issue of whether defendant was deliberately indifferent to plaintiff's safety)
 
 
 4
 We conclude that the district court correctly determined that Evans failed to demonstrate extraordinary circumstances entitling him to appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 5
 Finally, we conclude that the district court properly denied, as untimely, Evans's request for a subpoena of various prison documents. See Sablan v. Department of Fin., 856 F.2d 1317, 1321 (9th Cir.1988); see also Martel v. County of Los Angeles, 56 F.3d 993, 996-97 (9th Cir.1995) (en banc) (holding that district court properly denied plaintiff a continuance to conduct discovery when plaintiff failed to demonstrate actual and substantial prejudice). Moreover, we note that the district court advised Evans that he could seek a continuance under Fed.R.Civ.P. 56(f) to conduct further discovery. Evans elected not to do so.
 
 
 6
 AFFIRMED.
 
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, Evans's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3