134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BAROVICH ASSOCIATES, INC.; John Barovich, Plaintiffs-Appellants,
v.
AURA SYSTEMS, INC.; ZVI Kurtzman; Arthur J. Schwartz;
Cipora Kurtzman Lavut; Neal B. Kaufman; Larry
Schultz; Harvey Cohen; Norman Reitman;
Francis T. Phelan,
Defendants-Appellees.
 No. 96-55778.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1997.
Jan. 9, 1998.
 
 Before REINHARDT and TASHIMA, Circuit Judges, and Shadur, District Judge.**
 MEMORANDUM*
 Plaintiffs-appellants contend that the district court erred in granting summary judgment in favor of defendants-appellees on claims under §§ 10(b) & 20 of the Securities Exchange Act of 1934. 15 U.S.C. §§ 78j(b) & 78t (1994). Appellants assert that the district court abused its discretion in denying further discovery under Fed.R.Civ.P. 56(f) prior to granting summary judgment in favor of the defendants. They also contend that even if the district court did not abuse its discretion, summary judgment was improper because genuine issues of material fact existed regarding their allegations that defendants artificially inflated the trading price of Aura common stock.
 Because we agree that the district court erred in denying the appellants' Rule 56(f) application and that summary judgment was therefore premature, we reverse.
 Rule 56(f)
 Application
 In this case, the district court implicitly denied the plaintiffs' Rule 56(f) application by ruling on the merits of the defendant's summary judgment motion without addressing the plaintiffs' application. Although the parties dispute whether the district court's implicit denial of the plaintiffs' request for a continuance pursuant to Rule 56(f) is reviewed de novo or for abuse of discretion, we would reach the same result whichever standard of review we applied.
 Several aspects of this case persuade us that the district court erred when it denied the plaintiffs' request for leave to conduct discovery prior to the issuance of a ruling on the defendants' summary judgment motion. First, the plaintiffs did not have an adequate opportunity to conduct discovery before the district court granted the defendants' motion. Second, much of the factual information necessary to resolve this case is in the hands of the defendants, making the opportunity for discovery particularly important. Finally, the district court failed to articulate any reasons for denying the plaintiffs' Rule 56(f) motion.
 1. Diligence
 In general, summary judgment is not appropriate when the nonmoving party has not had an adequate opportunity to conduct any discovery. "Rule 56(f) motions should be granted 'almost as a matter of course' unless 'the nonmoving party has not diligently pursued discovery of evidence.' " Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 919 n. 4 (5th Cir.1992) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir.1991)). "Summary judgment is especially inappropriate where the material sought is also the subject of outstanding discovery requests." Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir.1986). At the time the court granted the defendants' summary judgment motion, the plaintiffs had outstanding discovery requests pending. Approximately one month prior to the hearing on summary judgment, the plaintiffs propounded document requests and issued subpoenas. By the time of the summary judgment hearing, however, the plaintiffs had not received any documents from the defendants, nor had two of the third-party witnesses responded to the subpoenas.
 The defendants maintain that any lack of discovery is fairly attributable to the plaintiffs' own delay. Although a Rule 56(f) motion may be rejected if the requesting party has not diligently pursued previous discovery opportunities, see Landmark Development Corp. v. Chambers Corp, 752 F.2d 369 (9th Cir.1985), there is no indication in this case that the plaintiffs were dilatory in prosecuting their claims. They simply waited to initiate discovery until the preliminary motions were resolved, including their motion for class certification and the defendants' motions to dismiss. Indeed, the fact that the defendants' motions to dismiss triggered amendments to the original complaint (ultimately producing a second amended complaint) confirms the reasonableness of deferring the initiation of discovery until the case was at issue on the pleadings. Further, the plaintiffs waited to initiate discovery until the early meeting of counsel had taken place, which, under the local rules, is supposed to occur within 30 days after service of the answer to the complaint. Here, the early meeting took place within three weeks of the defendants' answer to the second amended complaint, and following this meeting, the plaintiffs promptly served their discovery requests.
 2. Specificity
 The defendants contend that the plaintiffs' Rule 56(f) application did not conform to the applicable requirements. We disagree. In their Rule 56(f) discovery request, the plaintiffs clearly articulated the information they sought. Although the defendants claim that this request for discovery constitutes a "fishing expedition," see First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 265 (1968), the plaintiffs had little choice but to request a broad range of documents given that the parties had not previously engaged in Any discovery on the merits of the case.
 3. Evidentiary Basis
 The defendants also assert that the plaintiffs failed to put forth sufficient evidence to show that the discovery sought exists. See Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir.1991). However, the plaintiffs' affidavits in support of their Rule 56(f) application indicate that there is some evidentiary basis for believing that it does. Specifically, the plaintiffs requested information related to the four transactions that they contend were fraudulent or misleading. The defendants do not deny that these transactions occurred, and it is therefore reasonable to assume that they possess documents relevant to the question whether the transactions were actually fraudulent.
 * * *
 * * *
 In light of the above, we conclude that the district court erred in denying the plaintiffs' request for leave to conduct discovery. Alternatively, we would reverse and remand in any event because the district court failed to provide any reasoning for its denial of the plaintiffs' request, and thus left us without any basis on which to assess the soundness of any reason it might have asserted. Accordingly, we reverse the district court's grant of summary judgment and remand for further proceedings, including the taking of discovery.
 REVERSED and REMANDED.
 
 
 
 **
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3