Sammy Lee TERRELL,
Plaintiff–Appellant,

v.

R.D. BREWER, Warden; Jon Morales; Christopher C. Phillips, Defendants–Appellees.

No. 90–55116.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 26, 1990 *.
Decided June 5, 1991.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Sammy Lee Terrell, pro se.

Robert B. Briggs, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before KOELSCH, CHOY, and BEEZER, Circuit Judges.

CHOY, Circuit Judge:

Sammy Terrell, a federal prisoner proceeding *pro se* and *in forma pauperis*, appeals from a November 30, 1989 summary judgment order dismissing his action with prejudice. Terrell alleges that the district court erred by (1) denying Terrell's request for appointment of counsel; (2) denying his Rule 56(f) motion to stay summary judgment pending further discovery; (3) granting summary judgment in favor of defendant Morales; and (4) dismissing Terrell's complaint with prejudice as to defendant Phillips for failure to exhaust administrative remedies.

The fourth issue on appeal raises a question of first impression in this circuit. Although the district court was correct to

dismiss Terrell's complaint as to Phillips, that dismissal should have been without prejudice. We AFFIRM in part, and REVERSE and REMAND in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Terrell is a prisoner who was formerly housed at Terminal Island Federal Correctional Institution in San Pedro, California. He alleges that on December 8, 1987, Correctional Officer Christopher C. Phillips purposely closed a food-slot door on his hand, allegedly causing profuse bleeding. Phillips claims that he closed the slot to protect himself from Terrell's reach. According to Phillips, he was about to hand Terrell some linen when Terrell forced the slot open, cutting two of Phillip's fingers. Terrell then allegedly waved a hard plastic sign threateningly at Phillips.

Soon after the incident, Terrell showed his hand to Lieutenant Jon Morales. Morales refused to let Terrell see a doctor because Terrell's injury was not serious. Phillips reported Terrell's conduct as a disciplinary infraction, and Terrell served sixty days in "the hole" for allegedly assaulting a staff member.

## ANALYSIS

Terrell contends that the defendants violated his eighth amendment guarantee against cruel and unusual punishment. *Whitley v. Albers,* 475 U.S. 312, 319–24, 106 S.Ct. 1078, 1084–87, 89 L.Ed.2d 251 (1986) (Phillips) (wanton and unnecessary infliction of pain on prisoner); *Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976) (Morales) (deliberate indifference to prisoner's serious medical needs).

He incorrectly asserts that he has stated a cause of action under 42 U.S.C. § 1983. In fact, he has stated a *Bivens* cause of action.[1] *Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1987). As his complaint alleges, each defendant was a feder-al employee acting under color of federal law, not state law, "during all the time relevant to this complaint."

■ The district court denied Terrell's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d). We review this for an abuse of discretion. *Oliva v. Heller,* 839 F.2d 37, 40 (2d Cir.1988) (*Bivens* action); *McElyea v. Babbitt,* 833 F.2d 196, 199–200 (9th Cir.1987) (section 1983 action). The court may appoint counsel under section 1915(d) only under "exceptional circumstances." "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (citations omitted) (section 1983 action); *See Smith–Bey v. Hospital Adm'r,* 841 F.2d 751, 760 (7th Cir.1988) (*Bivens* action) (citing *Maclin v. Freake,* 650 F.2d 885, 887–88 (7th Cir. 1981)).

■ The trial court did not abuse its discretion by refusing to appoint counsel for Terrell. Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

The district court also denied Terrell's request to stay summary judgment and continue discovery pursuant to Federal Rule of Civil Procedure 56(f). We review that denial for an abuse of discretion. *Volk v. D.A. Davidson & Co.,* 816 F.2d 1406, 1416–17 (9th Cir.1987). The court may grant such a request if the party opposing summary judgment needs additional time to discover "facts essential to justify the party's opposition." Fed.R. Civ.P. 56(f).

---

1. *Bivens v. Six Unknown Named Agents of FBI,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ The party opposing summary judgment bears the burden of showing "what facts she hopes to discover to raise a material issue of fact." *Hancock v. Montgomery Ward Long Term Disability Trust,* 787 F.2d 1302, 1306 n. 1 (9th Cir. 1986). The party seeking additional discovery also bears the burden of showing that the evidence sought exists. Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation. *Volk,* 816 F.2d at 1416. Here, denial of Terrell's Rule 56(f) request was proper because Terrell failed to show the existence of additional essential and discoverable evidence.

Relying on *Monell v. Dep't of Social Servs. of New York,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978), and a withdrawn Ninth Circuit opinion,[2] the district court initially dismissed the complaint as to prison warden Brewer *without prejudice* because it found the doctrine of *respondeat superior* inapplicable to analogous civil rights actions under 42 U.S.C. §§ 1983 and 1985. The court later granted Terrell leave to amend his complaint, but Terrell elected to have Brewer dismissed *with prejudice.*

■ Dismissal was proper in both instances. We join other circuits in holding that *respondeat superior* is inapplicable to *Bivens* actions. *Noll v. Petrovsky,* 828 F.2d 461, 462 (8th Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 718, 98 L.Ed.2d 668 (1988); *Lojuk v. Quandt,* 706 F.2d 1456, 1468 (7th Cir.1983); *Miller v. Barry,* 698 F.2d 1259, 1260 (D.C.Cir.1983) (per curiam); *Boykin v. District of Columbia,* 689 F.2d 1092, 1097–99 (D.C.Cir.1982), *disagreed with in part on another ground, Hobson v. Wilson,* 737 F.2d 1, 16 n. 5 (D.C.Cir.1984) (revisiting and reconsidering applicability of 42 U.S.C. § 1985(3)); *Hays v. Jefferson County, Kentucky,* 668 F.2d 869, 872 (6th Cir.), *cert. denied,* 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982); *Ellis v. Blum,* 643 F.2d 68, 85 (2d Cir.1981); *Dean v. Gladney,* 621 F.2d 1331, 1336 (5th Cir. 1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981); *cf. Jett v. Dallas Indep. School Dist.,* 491 U.S. 701, 109 S.Ct. 2702, 2722, 105 L.Ed.2d 598 (1989) (municipality cannot be held liable in *Bivens* action under *respondeat superior* ).

■ The court entered summary judgment[3] for defendant Morales[4] on the ground that Terrell had raised no genuine issue of fact that his injury was sufficiently *serious* under *Estelle v. Gamble.* A grant of summary judgment is reviewed *de novo.* Reviewing the evidence in the light most favorable to the nonmoving party, we must determine whether any genuine issue of material fact remains for trial and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire and Casualty Co.,* 873 F.2d 1338, 1339–40 (9th Cir.1989); *Gaines v. Haughton,* 645 F.2d 761, 769–70 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982), *overruled in part on other grounds, In re Complaint of McLinn,* 739 F.2d 1395, 1397 (9th Cir.1984) (en banc). We affirm because Terrell failed to negate the evidence that his medical needs were not serious.

■ The district court dismissed defendant Phillips with prejudice because Terrell had failed to exhaust his administrative remedies. Terrell's complaint of February

---

2. *Ashelman v. Pope,* 769 F.2d 1360, 1363 (9th Cir.), *withdrawn and reh'g granted,* 778 F.2d 539 (1985), *superseded,* 793 F.2d 1072 (1986).

3. The district court's November 31, 1989 order adopting the magistrate's report and recommendation incorrectly states that Morales was dismissed with prejudice. Fed.R.Civ.P. 41(b). The test which the court applied indicates that it considered supporting and opposing affidavits and entered summary judgment. Fed.R.Civ.P. 56(e).

4. Morales argues that the district court did not have personal jurisdiction because a United States marshal failed to effect personal service on Terrell's behalf. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 166 (6th Cir.1988) (per curiam). The record indicates that Morales was personally served. Even if service occurred after the 120–day limit set by Federal Rule of Civil Procedure 4(j), a *pro se* plaintiff should not be penalized for reliance on a United States marshal under Rule 4(c)(2)(B) and 28 U.S.C. § 1915(c). *Puett v. Blandford,* 912 F.2d 270, 273–75 (9th Cir.1990).

16, 1988 prays for "money damages, declaratory judgment, and injunctive relief."[5] His complaint does not allege exhaustion of remedies, but instead asserts that exhaustion is unnecessary here. This raises a question of first impression in this circuit. Here again we join other circuits in holding that, ordinarily, a federal prisoner seeking both damages and injunctive relief cannot bring a *Bivens* action until he or she has first exhausted any available administrative remedies. *Johnpoll v. Thornburgh*, 898 F.2d 849, 850 (2d Cir.) (per curiam), *cert. denied*, — U.S. —, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990); *Greene v. Meese*, 875 F.2d 639, 640–43 (7th Cir.1989); *Lyons v. United States Marshals*, 840 F.2d 202, 204 (3d Cir.1988); *Davis v. Keohane*, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam); *Brice v. Day*, 604 F.2d 664, 665–66 (10th Cir.1979) (per curiam), *cert. denied*, 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980).

The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact. *Lyons*, 840 F.2d at 205.

Exhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury. *Id.* None of these exceptions applies here.

 Dismissal for failure to exhaust administrative remedies is not, as the Government argues, jurisdictional. The doctrine creates a strong presumption against, not an absolute bar to, appellate consideration. *Greene*, 875 F.2d at 643 (citing *Granberry v. Greer*, 481 U.S. 129,

131, 107 S.Ct. 1671, 1673, 95 L.Ed.2d 119 (1987)). The proper remedy is dismissal without prejudice. *Greene*, 875 F.2d at 643; *Keohane*, 835 F.2d at 1149. If and when Terrell exhausts his administrative remedies with the Bureau of Prisons under 28 C.F.R. §§ 542.10–542.16 (1990), he will be free to refile his suit against defendant Phillips, but not against defendants Morales or Brewer.

AFFIRMED in part, and REVERSED and REMANDED in part.

The parties shall bear their own costs on this appeal.

---

5. The complaint asks the court to enjoin the use of "force against the plaintiff, except when it is immediately necessary to prevent injury, death, or the destruction of government property," and to enjoin the "slamming [of] food slots on any inmate or person [sic] hand or any parts of their body."