963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert LOUGH, Plaintiff-Appellant,
v.
Dennis MORRISETTE; Sgt. Bowman; Lawrence Kincheloe,
Defendants-Appellees.
 No. 89-35877.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 30, 1992*
Decided May 15, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lough appeals pro se from the district court's dismissal of his civil rights action against prison officials. Lough contends that the prison officials violated his due process rights by placing him in administrative segregation in the prison's Intensive Management Unit ("IMU") after Lough allegedly threatened to kill several prison officials. We review de novo, see Klarfeld v. United States, 944 F.2d 583, 585 (CA9 1991) (per curiam), and we affirm.[1]
 
 
 3
 The regulations governing the initial placement, first review, classification procedures, intermediate review, conditions of confinement, and administrative release for someone in the IMU show a consistent thread of non-mandatory, i.e., discretionary, language throughout. See Wash.Admin.Code §§ 137-32-005--137-32-035. Accordingly, nothing in the relevant regulations may be said to give rise to a due process liberty interest in remaining in the general prison population.[2] See Toussaint v. McCarthy, 801 F.2d 1080, 1092, 1094 (CA9 1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 4
 Moreover, it is clear from Lough's own allegations that he received all the procedural safeguards required by due process. Thus, even if it could be said that the regulations in question do create a liberty interest in an inmate's remaining in the general prison population, the district court did not err by ruling that Lough could prove no set of facts that would entitle him to relief.[3]
 
 
 5
 There being no merit to any of Lough's contentions, his request for counsel must be denied. See Terrell v. Brewer, 935 F.2d 1015, 1017 (CA9 1991) (exceptional circumstances justifying appointment of counsel require evaluations of appellant's likelihood of success on the merits and his ability to articulate his claims in light of their legal complexity).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is suitable for submission without oral argument per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3
 
 
 [1]
 We assume without discussion the timeliness of this appeal. See Sadduth v. Arizona Attorney General, 921 F.2d 206, 207 (CA9 1990) (order)
 
 
 [2]
 Because prisoners in Washington state are only afforded the possibility of earning "good time" credits, see Washington DOC Policy Directive 350.100, we also reject Lough's contention that he has a liberty interest in protecting his opportunity to receive these credits. Cf. Toussaint v. McCarthy, 801 F.2d 1080, 1104-1105 (CA9 1986), cert. denied, 481 U.S. 1069 (1987)
 
 
 [3]
 Lough also asserts claims regarding later placements in the IMU and, at the last minute, has written this court to complain about the appellees' alleged interference with his efforts to prosecute the instant action. We decline to consider arguments, raised for the first time on appeal, which could be the subject of a separate action. See Willard v. California, 812 F.2d 461, 465 (CA9 1987)