124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.R. Ewing CARRELL, Plaintiff-Appellant,
v.
James ROWLAND, Robert E. Borg, C. Hess, Correctional
Officer, Defendants,
and
Nancy REID, Correctional Officer, Defendant-Appellee.
 No. 94-17127.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997.**
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-90-01110-JFM, Levi, District Judge, Presiding.
 Before: HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 J.R. Ewing Carrell, a California state prisoner, appeals pro se the district court's judgments in favor of defendant in Carrell's action under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 Carrell contends that the district court erred by granting the defendant's motion pursuant to Fed.R.Civ.P. 50(a). We review the district court's judgment as a matter of law de novo. See Acosta v. City and County of San Francisco, 9 F.3d 1143, 1145 (9th Cir.1996), cert. denied, 117 S.Ct. 514 (1996). Because the evidence, construed in the light most favorable to Carrell, failed to establish that the defendant bore any responsibility for the attack on Carrell by Fonville, we conclude that the district court did not err by granting the defendant's motion for judgment as a matter of law. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 4
 Carrell contends that his Sixth Amendment rights were violated when the district court refused his requests for appointment of counsel. We review the denial of appointment of counsel in a pro per prisoner civil rights case for an abuse of discretion. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Given Carrell's likelihood of success on the merits and his ability to articulate the relatively simple claims in his case, the district court did not abuse its discretion by denying Carrell's requests for counsel. See id.
 
 
 5
 Carrell contends that the district court erred by denying his motions to compel production of certain documents. We review the district court's ruling concerning discovery for an abuse of discretion. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1469 (9th Cir.1992). Carrell filed motions to compel discovery on May 14, 1991, February 3, 1992, May 7, 1992, and September 15, 1993. Because Carrell's first two motions failed to comply with the court's discovery orders, the court did not abuse its discretion in denying them. See id. Carrell's May 7, 1992 motion sought a free deposition transcript. Because Carrell was not entitled to a free transcript, the court did not abuse its discretion in denying the motion. Finally, because discovery in the case had closed before the filing of the last motion, the court did not abuse its discretion in denying the motion. See id.
 
 
 6
 Carrell raises additional contentions, which we find to be wholly without merit.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Carrell's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Carrell's motions for injunctive relief and to produce a prospective witness, and the petition for a writ of habeas corpus ad testificandum, are denied