134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John D. GANN, Plaintiff-Appellant,
v.
N. MINER: Gregory Moreno; J.P. Rempel, Defendants-Appellees.
 No. 96-16841.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 28, 1998.
 
 1
 Before SCHROEDER, WIGGINS, and NOONAN, C.J.
 
 
 2
 MEMORANDUM*
 
 
 3
 LEVI, District Judge.
 
 
 4
 John D. Gann, a California state prisoner, appeals pro se the district court's grant of summary judgment for defendants Miner, Moreno, and Rempel and the district court's dismissal for failure to state a claim against defendants Leatherman and Dizmon. Gann's 42 U.S.C. § 1983 action alleged that defendants violated his First, Fourth, and Fourteenth Amendment rights when they inspected and confiscated a letter he was sending to an attorney at the American Civil Liberties Union. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 5
 The district court correctly dismissed the § 1983 claims against appellees Leatherman and Dizmon under Fed.R.Civ.P. 12(b)(6), holding that the complaint did not allege a constitutional violation against these two defendants. The district court concluded that Gann did not state facts showing a causal connection between the acts of Leatherman and Dizmon and the alleged constitutional violations. Leatherman's postponement of the hearing does not demonstrate her complicity in the allegedly retaliatory acts of officers Miner, Rempel, and Moreno. Nor does Dizmon's ruling indicate that he condoned the acts of the other officers. In fact, Dizmon ruled that the officers were mistaken in charging Gann with inciting. Accordingly, the district court correctly ruled that Gann had not stated a constitutional claim against officers Leatherman and Dizmon.
 
 
 6
 The district court did not err by denying Gann's motion for appointment of counsel. The failure to appoint counsel was not an abuse of discretion because there were no extraordinary circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 7
 Gann also claims the district court erred in concluding that the opening of a letter addressed to a lawyer was not a violation of Gann's First Amendment rights. The district court, however, held that the prison officials had a reasonable suspicion that the letter was not in fact confidential, legal mail because when inspecting for contraband, the officials saw that the salutation "To Whom It May Concern" did not match the addressee on the envelope or indicate that the letter was intended for an attorney. The event occurred in the midst of an emergency, not pursuant to any regular prison policy, and the officials' actions were reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). Ultimately, Gann suffered no punitive consequences as a result of the isolated incident.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P.34 (a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3