142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Weldon Eugene WIGGINS, II, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS, Director of; James
Gomez, Warden of Corcoran State Prison; Smith;
Quinn Robiebeaux; Lamberg; Cynthia
Stoira; R. Lopez, Defendants-Appellees.
 No. 96-16788.
D.C. No. CV-94-05858-OWW/HGB.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 1
 Appeal from the United States District Court for the Eastern District of California, Oliver W. Wanger, District Judge, Presiding.
 
 
 2
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Weldon Eugene Wiggins, II, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging violations of his First and Fifth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1993), and we affirm.
 
 
 5
 Wiggins has been identified as an affiliate of the Black Guerilla Family, a prison gang, and sentenced to an indeterminate term in the Special Housing Unit ("SHU") at Pelican Bay State Prison.
 
 
 6
 Insofar as Wiggins contends on appeal that conditions of confinement in the SHU violate the Eighth Amendment and that he was denied procedural due process when placed in the SHU, we decline to exercise jurisdiction over these claims because Wiggins failed to raise them in his operative, amended complaint filed April 18, 1995. See International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985).
 
 
 7
 Because Wiggins failed to submit evidence of a reasonable belief that information obtained in the debriefing process would be used in a subsequent criminal investigation, we conclude that the district court did not err by granting summary judgment for defendants on Wiggins's Fifth Amendment claim. See United States v. Rendahl, 746 F.2d 553, 555 (9th Cir.1984).
 
 
 8
 Because Wiggins failed to submit evidence that prison officials confiscated anything besides Swahili-language materials, or that this confiscation unreasonably interfered with his ability to practice his religion, we conclude that the district court did not err by granting summary judgment for defendants on Wiggins's First Amendment claim. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).[1]
 
 
 9
 Finally, we conclude that the district court did not err by granting summary judgment on Wiggins's claim that being deprived of outdoor exercise for ten days violated his constitutional rights. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).
 
 
 10
 We reject Wiggins's remaining claims on appeal as without merit.
 
 
 11
 We deny Wiggins's motion for appointment of counsel on appeal due to an absence of exceptional circumstances meriting such appointment. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir .1991).
 
 
 12
 We deny all other pending motions.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Insofar as Wiggins contends that this confiscation was a retaliatory action, he neither identifies the constitutionally protected action in which he engaged to trigger the retaliation nor produces any evidence of prison officials' retaliatory motive. See Pratt v. Rowland, 65 F.3d 802, 806-07 (9th Cir.1995)