142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arturo GARAY-BURGOS, Plaintiff-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Defendant-Appellee.
 No. 97-16114.
D.C. No. Civ-95-1430-PHX-SMM.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 29, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Stephen M. McNamee, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arturo Garay-Burgos, a native and citizen of Mexico, appeals pro se from the district court's summary judgment in favor of the Immigration and Naturalization Service ("INS") and several of its employees in Garay-Burgos' action under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Garay-Burgos also appeals from the district court's denial of his requests for appointment of counsel and a continuance pending discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Garay-Burgos contends that the district court erred by granting summary judgment for defendants on his Fourth and Fifth Amendment claims that he was illegally detained by the INS, subjected to excessive use of force, and exposed to communicable diseases while in INS custody. These contentions lack merit because Garay-Burgos failed to set forth any evidence to support his allegations that defendants violated his Fourth and Fifth Amendment rights. See Fed.R.Civ.P. 56(e); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).
 
 
 4
 Garay-Burgos also contends that the district court erred by denying his request pursuant to 28 U.S.C. § 1915 for appointment of counsel. We review for abuse of discretion, see Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991), and we affirm because Garay-Burgos failed to demonstrate exceptional circumstances. See id.
 
 
 5
 Finally, Garay-Burgos contends that the district court erred by denying his request pursuant to Fed.R.Civ.P. 56(f) for a continuance pending further discovery. We review for abuse of discretion, see Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921-22 (9th Cir.1996), and we affirm because Garay-Burgos failed to provide the court with affidavits explaining why a continuance was warranted, see Carpenter v. Universal Star Shipping S.A., 924 F.2d 1539, 1547 (9th Cir.1991), and he did not act diligently in pursuing discovery earlier, see Conkle v. Jong, 73 F.3d 909, 924 (9th Cir .1995).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3