Bryan Edwin RANSOM,
Plaintiff–Appellant,

v.

F.K. CORONA; et al., Defendants–Appellees.

No. 00–56138.

D.C. No. CV–99–1540–AJB.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

## MEMORANDUM ***

Bryan Edwin Ransom, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his safety and deprived him of due process when they fabricated his testimony at a hearing thus labelling him a "snitch." We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm in part and vacate and remand in part.

Insofar as Ransom appeals the district court's dismissal of his Eighth Amendment claim relating to his hunger strike, we affirm the district court's dismissal because prison officials did not cause the injury, if any, suffered by Ransom. *See Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978).

In addition, we affirm the district court's dismissal of Ransom's Fourteenth Amendment substantive due process claim relating to his being placed in danger by being labelled a "snitch" because such a claim is more properly brought under the Eighth Amendment. *See Patel v. Penman,* 103 F.3d 868, 874 (9th Cir.1996).

We affirm the district court's denial of Ransom's motions for appointment of counsel because no exceptional circumstances justified such an appointment. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

We reject Ransom's contention on appeal that the district court should have construed his complaint to contain a retaliation claim. Upon our reading of Ransom's first amended complaint, we cannot

discern that such a claim is present even on a liberal construction of Ransom's allegations. *See Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 515 (9th Cir.1992) (stating that an issue is waived if it is not "raised sufficiently for the trial court to rule on it").

We vacate, however, the district court's dismissal of Ransom's Eighth Amendment and Fourteenth Amendment claims relating to his having been labelled a "snitch." We agree with the district court that Ransom needed to allege that prison officials knew of and disregarded threats or actual harassment by other inmates based on Ransom's having been labeled a "snitch" for him to state an Eighth Amendment claim. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Morgan v. MacDonald,* 41 F.3d 1291, 1293–94 (9th Cir.1994). We also agree that without allegations of actual danger or threats related to being identified as a "snitch," Ransom's allegations were insufficient to state a claim that he had suffered an atypical and significant hardship when prison officials refused to correct this problem after Ransom submitted grievances bringing it to their attention. *See Sandin v. Conner,* 515 U.S. 472, 783–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir.1996), *amended by* 135 F.3d 1318 (9th Cir.1998). These defects in Ransom's complaint, however, could be cured by amendment. Because the district court failed to explain the deficiencies of Ransom's complaint and provide him with an opportunity to amend to remedy these deficiencies, we must vacate the district court's dismissal of these two claims and remand for further proceedings. *See Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We grant appellees' motion to file an answering brief. The Clerk shall file appellees' brief received on November 16, 2000. We grant appellant's motion to file an untimely reply brief. The Clerk shall file the appellant's reply brief received on December 22, 2000. We deny all other pending motions.

The parties shall bear their own costs on appeal.

AFFIRMED in part, VACATED in part and REMANDED.

