Willie Terry COX, Plaintiff—Appellant,

v.

Jim TAYLOR; et al., Defendants—
Appellees.

No. 03–15190.
D.C. No. CV–01–00342–MHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Willie Terry Cox, Buckeye, AZ, for Plaintiff–Appellant.

Susanna Carballo Pineda, Esq., Phoenix, AZ, for Defendants–Appellees.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM **

Willie Terry Cox, an Arizona state prisoner, appeals pro se the district court's summary judgment for the defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment to the defendants because Cox's conclusory allegations that defendants failed to treat his eye injury were insufficient to defeat summary judgment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (explaining that "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data[ ]").

The district court did not abuse its discretion by denying Cox's requests for appointment of counsel and an expert to assist with his case because Cox failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

Finally, the district court did not err by denying Cox's emergency application for injunction directing the defendants to approve cataract surgery for his left eye because the application requested additional relief based on conduct that was not alleged in the underlying complaint. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999) (holding that district court did not err by failing to consider unpleaded claims).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

