Stephen J. NELSON, Plaintiff— Appellant,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., Defendants—Appellees.

No. 03–15537.

D.C. No. CV–01–01021–SI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 17, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen J. Nelson, Corcoran, CA, pro se.

No appearance, for Defendant–Appellee.

Song J. Hill, San Francisco, CA, for Defendant.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM**

Stephen Nelson, a California state prisoner, appeals pro se the district court's summary judgment in his action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and its grant of a motion to dismiss, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). We affirm.

It is undisputed that Nelson should not have had to wait thirteen months to receive the pulmonary function test a prison doctor prescribed for him. But the district court properly granted summary judgment on Nelson's claims against medical appeals coordinator Deborah Ruisi because Nelson failed to raise a genuine issue of fact as to whether Ruisi intentionally or purposefully interfered with or delayed Nelson's medical care. *See McGuckin v. Smith*, 974 F.2d 1050, 1059–61 (9th Cir.1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997).

The district court properly found that defendants Nunez and Melching were entitled to qualified immunity because it was not clearly established that either appeals coordinator was constitutionally required to take different or further action than

they did to ensure that Nelson received the prescribed diagnostic test. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

The district court did not abuse its discretion in denying Nelson's motion for appointed counsel because his case did not present exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991). Nor was it an abuse of discretion to deny Nelson's motion to compel because Ruisi complied with the Federal Rules of Civil Procedure, and Nelson has not demonstrated how his failure to obtain all the discovery he sought resulted in "actual and substantial prejudice." *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002).

Nelson's remaining contentions lack merit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.