Michelle CHASTEEN, Plaintiff—
Appellant,

v.

UNITED STATES of America,
Defendant—Appellee.

No. 04–15375.

D.C. No. CV–02–00206–RCB.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided April 18, 2005.

Michelle Chasteen, Phoenix, AZ, pro se.

Frederick A. Battista, Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM **

Michelle Chasteen appeals pro se the district court's summary judgment ruling that her motion for return of property seized pursuant to Federal Rule of Criminal Procedure 41(e) [1] was barred by sovereign immunity. We review de novo a district court's grant of summary judgment based on sovereign immunity. *See Holz v. Nenana City Pub. Sch. Dist.,* 347 F.3d 1176, 1179 (9th Cir.2003). We reverse and remand.

The district court erroneously determined that Chasteen's action to recover damages from the government was barred by sovereign immunity. Federal Rule of Criminal Procedure 41(e) allows a plaintiff to recover seized property from the government and destruction of the property does not destroy jurisdiction. *See United States v. Hayes,* 385 F.3d 1226, 1229 n. 2 (9th Cir.2004); *United States v. Martinson,* 809 F.2d 1364, 1368 (9th Cir.1987).

The district court did not abuse its discretion by denying Chasteen's motion for appointment of counsel, because Chasteen is able to articulate her claims effectively. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

We reverse and remand to the district court to determine the value of the seized firearms and the amount that Chasteen can recover from the government.[2]

**REVERSED and REMANDED**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

1. The text of Federal Rule of Criminal Procedure 41(e) was moved to Rule 41(g) in December 2002 and amended for stylistic purposes only. We refer to rule 41(e) because Chasteen filed this action before the amendment and the substance of the rule is unchanged.

2. We need not consider Chasteen's contention that she is entitled to more than half of the monetary value of the guns because she can raise this issue before the district court on remand.