Patrick Francis CUMMINGS, Plaintiff—Appellant,

v.

Darrel G. ADAMS, Warden; et al., Defendants—Appellees.

No. 05–17276.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

Patrick Francis Cummings, Ione, CA, pro se.

David A. Carrasco, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Patrick Francis Cummings, a California state prisoner, appeals pro se from the district court's judgment following a jury trial in his 42 U.S.C. § 1983 action alleging prison officials were deliberately indifferent to his medical needs. We have juris-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diction under 28 U.S.C. § 1291. We affirm.

We affirm the district court's evidentiary rulings because Cummings did not demonstrate prejudice. *See McEuin v. Crown Equipment Corp.*, 328 F.3d 1028, 1032 (9th Cir.2003) (requiring that to reverse on the basis of an erroneous evidentiary ruling, the court must conclude not only that the district court abused its discretion, but also that the error was prejudicial).

The district court did not abuse its discretion in denying Cummings' untimely discovery requests where he did not demonstrate how additional discovery would have affected the outcome of his case. *See Blackburn v. U.S.*, 100 F.3d 1426, 1436 (9th Cir.1996) (observing that a district court has wide discretion in controlling discovery and abuses its discretion only where the prisoner shows he diligently pursued discovery opportunities and additional discovery would have precluded summary judgment).

The district court did not abuse its discretion in denying Cummings' motion for appointment of counsel because Cummings did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991) (finding no abuse of discretion where prisoner "demonstrated sufficient writing ability and legal knowledge to articulate his claim").

We reject Cummings' contention that he had restricted access to an inadequate prison library, and was thus deprived of a fair trial because Cummings was able to access the courts and pursue his claims. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (finding that there is no abstract freestanding right to a law library and that the inmate must demonstrate that his efforts to pursue a legal claim were hindered.).

Cummings' remaining contentions lack merit.

**AFFIRMED.**