Gary PHILLIPS, Plaintiff–Appellant,

v.

Judy MARTZ, State of Montana Governor; et al., Defendants–Appellees.

No. 06–35721.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 28, 2007.

Gary Philips, Salem, OR, pro se.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM **

Gary Phillips, an Oregon state prisoner, appeals pro se from the district court's

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

judgment dismissing his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (dismissal pursuant to 28 U.S.C. § 1915A), and we affirm.

To the extent that Phillips challenges his conviction and sentence, the district court properly dismissed Phillip's action because he has failed to demonstrate that his conviction and sentence have been invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The district court properly dismissed all claims against the state court judges on grounds of judicial immunity. *See Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922 (9th Cir.2004) (holding state court judges are absolutely immune from suits for damages for acts undertaken in judicial capacity).

The district court properly dismissed all claims against the county attorneys on grounds of prosecutorial immunity. *See Milstein v. Cooley,* 257 F.3d 1004, 1008 (9th Cir.2001) (holding prosecutors are absolutely immune from suits for damages for performing prosecutorial functions).

The district court properly dismissed all claims against the state public defender because he was not acting under the color of state law when representing Phillips. *See Miranda v. Clark County, Nev.,* 319 F.3d 465, 468 (9th Cir.2003) (holding attorneys performing traditional lawyer functions are not state actors subject to section 1983).

The district court properly dismissed all claims against Governor Martz because she is entitled to Eleventh Amendment sovereign immunity and Phillips did not allege that the governor waived that immunity or consented to be sued in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–01, 104

S.Ct. 900, 79 L.Ed.2d 67 (1984). To the extent Phillips has sued Governor Martz in her individual capacity, the district court correctly determined that Phillips failed to allege an affirmative link between individual actions by the governor and any injury to Phillips. *See Rizzo v. Goode,* 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

The district court properly dismissed all claims against Sheriff McMeekin because Phillips' vague and conclusory allegations did not state a civil rights claim. *See Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

The district court properly refused to exercise supplemental jurisdiction over Phillips' remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

The district court did not abuse its discretion in denying Phillips' request for appointment of counsel because Phillips failed to demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991). We deny Phillips' motion for appointment of counsel in this appeal. *Id.*

**AFFIRMED.**