Travis Ray THOMPSON,
Plaintiff–Appellant,

v.

William SOSA, Imperial County
Sheriff; et al., Defendants–
Appellees.

No. 06–55871.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 24, 2008.

Travis Ray Thompson, Tehachapi, CA, pro se.

Michael J. Perez, Esq., Perez and Wilson, San Diego, CA, for Defendants–Appellees.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Travis Ray Thompson, a California state prisoner, appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging constitutional violations while he was housed at the Imperial County Jail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment in favor of defendant Sosa because Thompson failed to raise a genuine issue of material fact as to whether Sosa unreasonably used excessive force against him. *See Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002) (holding that use of force does not amount to an Eighth Amendment violation "if it is applied in a good faith effort to restore discipline and order and not maliciously and sadistically for the very purpose of causing harm").

The district court properly granted summary judgment in favor of defendant Hall because Thompson failed to raise a genuine issue of material fact as to whether Hall should have foreseen that Thompson would be assaulted by another inmate. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that prison official does not act with "deliberate indifference" unless he is aware of facts from which he could infer the existence of a substantial risk of harm).

The district court properly dismissed Thompson's claims against defendant FBI Agent Sellers because Thompson failed to state facts showing that Sellers' allegedly inadequate investigation infringed a pro-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tected constitutional right. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985).

The district court properly denied Thompson's motion for appointment of counsel because Thompson did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

The district court properly denied Thompson's motions for the appointment of an investigator and experts under Federal Rule of Evidence 706 because Thompson's action did not involve technical evidence or complex issues. *See McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub. nom.*, *Helling v. McKinney*, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991).

The district court properly denied Thompson leave to amend his complaint because further amendment in this case would have been futile. *See Lopez*, 203 F.3d at 1127.

The district court properly denied Thompson's request for a continuance under Federal Rule of Civil Procedure 56(f) because Thompson failed to show that "additional discovery would have revealed specific facts precluding summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006).

Thompson's remaining contentions are not persuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.