MEMORANDUM **
Jose Aviña, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his *741 due process, First Amendment, and Eighth Amendment rights by validating him as a gang associate and transferring him to an indeterminate term in a security housing unit (“SHU”)- We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003) (exhaustion of administrative remedies); Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir.2003) (summary judgment). We affirm in part, vacate in part, and remand.
Aviña contends that he received insufficient opportunity to be heard before his confinement in the SHU because he did not have an opportunity to meet with the Institutional Gang Investigator (“IGI”) pri- or to his validation. The district court concluded that Aviña failed to exhaust administrative remedies with respect to this claim. We disagree. Aviña raised this due process claim in his April 22, 2002, inmate appeal, and defendants, over Aviña’s objections, incorrectly found that the appeal was duplicative of another appeal. Aviña properly followed grievance procedures and was prevented from pursuing his appeal to the director’s level of review through no fault of his own. See Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that the Prison Litigation Reform Act requires “proper exhaustion,” which means using all steps that the agency holds out, and doing so properly).
Due process entitles a prisoner to an opportunity to present his views to the critical decisionmaker responsible for the administrative segregation decision, which ordinarily is the IGI. See Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir.1990). Aviña did not receive a hearing before the IGI. Accordingly, we remand so that the district court can determine who were the critical decisionmakers, and whether Aviña received a meaningful opportunity to present his views on the issue of validation.
Because Aviña may have been denied an opportunity to be heard in connection with his validation and transfer, we do not reach the district court’s determination that “some evidence” supported Aviña’s validation. See Bruce, 351 F.3d at 1287 (setting forth “some evidence” standard).
The district court properly ruled that Aviña failed to exhaust administrative remedies with respect to his First and Eighth Amendment claims. See 42 U.S.C. § 1997e(a).
The district court did not abuse its discretion by denying Aviña’s request for appointment of counsel because he failed to establish “exceptional circumstances.” Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
We construe Aviña’s supplemental brief as a motion to supplement the record and deny the motion.
Each party shall bear its own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.