**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD LEE THOMAS,

        Plaintiff - Appellant,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS; et al.,

        Defendants - Appellees.

No. 09-16330

D.C. No. 1:06-cv-00104-LJO-YNP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

    Edward Lee Thomas, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to his leg and hip pain. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed the action because Thomas did not allege facts showing that defendants were deliberately indifferent to a serious medical need. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety") (internal quotation marks and citation omitted). On the contrary, Thomas's allegations that certain doctors declined to order x-rays or MRIs, other doctors treated him with only Motrin, and a nurse practitioner concluded that Thomas did not present a medical emergency, indicates at most negligence. *See id.* ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.") (internal quotation marks and citation omitted).

Thomas's remaining contentions are unpersuasive.

We deny Thomas's motion for appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

**AFFIRMED.**