**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONNIE LEE POSLOF, Sr., | No. 09-15605 |
| Plaintiff - Appellant, | D.C. No. 1:08-CV-00593-LJO-DLB |
| v. | |
| PLEASANT VALLEY STATE PRISON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, LEAVY and TALLMAN, Circuit Judges.

Lonnie Poslof, a California state prisoner, appeals pro se from the district

court's order dismissing his 28 U.S.C. § 1983 action under Rule 41(b) of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Federal Rules of Civil Procedure for failure to file an amended complaint after the district court dismissed his complaint with leave to amend. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989 (9th Cir. 1999). We affirm.

The district court gave Poslof notice of the insufficiencies of his amended complaint, dismissed it with leave to amend, warned him that failure to amend would result in dismissal of his action, and provided him with ample opportunity to submit a second amended complaint, but Poslof failed to do so. We therefore affirm the district court's dismissal of the action. *See id. at* 992 (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal).

The district court did not abuse its discretion by denying Poslof's request for the appointment of counsel because he did not establish the requisite exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard for appointment of counsel).

Poslof's remaining contentions, to the extent we are able to understand them, are unpersuasive.

**AFFIRMED.**