**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARVEY MACK LEONARD, | No. 09-17179 |
| Plaintiff - Appellant, | D.C. No. 2:02-cv-02023-LKK-EFB |
| v. | |
| M. THOMPSON, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Harvey Mack Leonard appeals pro se from the district court's judgment,
following a jury trial, in his 42 U.S.C. § 1983 action alleging violation of his
Fourteenth Amendment rights.  We have jurisdiction under 28 U.S.C. § 1291.  We
review for an abuse of discretion, *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1991) (appointment of counsel); *Jones v. Meyer*, 899 F.2d 883, 884 (9th Cir. 1990) (security measures at trial), and we affirm.

The district court did not abuse its discretion by denying Leonard's motions for appointment of counsel because Leonard failed to demonstrate exceptional circumstances warranting appointment of counsel. *See Terrell*, 935 F.2d at 1017.

Leonard contends that the district court should not have allowed two California Department of Corrections and Rehabilitation officers to guard him in the courtroom, but the district court did not abuse its discretion because the presence of security guards at Leonard's trial was not "inherently prejudicial" and Leonard "fails to show actual prejudice." *Holbrook v. Flynn*, 475 U.S. 560, 569, 572 (1986) (requiring a case-by-case approach to determine whether there is a constitutional violation where security guards are present at trial); *see also Ainsworth v. Calderon*, 138 F.3d 787, 797 (9th Cir.) (the presence of four, and occasionally six, sheriff's deputies at a criminal trial did not violate the accused's constitutional rights), *amended*, 152 F.3d 1223 (9th Cir. 1998).

We do not consider Leonard's remaining contentions, including his evidentiary challenges, because they are not supported by argument and Leonard failed to provide the trial transcript. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) ("Issues raised in a brief which are not supported by argument are

deemed abandoned."); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (per curiam) (concluding that the appellant's contentions were unreviewable without the trial transcript, which the appellant was responsible for providing under Fed. R. App. P. 10(b)).

**AFFIRMED.**