**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES L. JEFFERSON, | No. 10-15422 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00723-DGC |
| v. | |
| B. COOKE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
David G. Campbell, District Judge, Presiding[**]

Submitted March 8, 2011[***]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

James L. Jefferson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David G. Campbell, United States District Judge for the District of Arizona, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We affirm.

The district court properly dismissed Jefferson's action because he failed to exhaust administrative remedies or demonstrate that he was excused from doing so. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion by denying Jefferson's requests for appointment of counsel because he failed to demonstrate extraordinary circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requiring "exceptional circumstances" for the appointment of counsel).

Jefferson's remaining contentions are unpersuasive.

Jefferson's motion for appointment of counsel on appeal, attached to his Reply Brief, is denied.

**AFFIRMED.**