**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER BAILEY, | No. 12-35171 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01905-MO |
| v. | |
| STEVE SHELTON, MD, Individual capacity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Oregon state prisoner Christopher Bailey appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference in the treatment of his skin condition. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Bailey failed to establish a genuine dispute of material fact as to whether Dr. Lytle was deliberately indifferent in treating Bailey's scabies. *See id.* at 1060 ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (conclusory allegations are insufficient to defeat summary judgment).

The district court did not abuse its discretion in denying Bailey's motion for appointment of counsel because Bailey did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth the standard of review and explaining the "exceptional circumstances" requirement).

**AFFIRMED.**

12-35171