**In re: Susanna SHAW, Debtor.**

**Susanna Shaw, Appellant,**

v.

**David Replogle, Appellee.**

No. 01–15143.

D.C. No. CV–00–02820–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Susanna Shaw appeals pro se the district court's order affirming a bankruptcy court's summary judgment dismissal of her adversary action alleging that her former counsel had been negligent and com-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument and denies Shaw's request for oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**900**

mitted legal malpractice in the confirmation of her Chapter 11 case. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

We independently review the bankruptcy court's decision without deference to the district court. *Levin v. Maya Constr. (In re Maya Constr. Co.)*, 78 F.3d 1395, 1398 (9th Cir.1996). We review de novo the bankruptcy court's dismissal on res judicata grounds, *see Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 528 (9th Cir.1998), and may affirm on any basis fairly supported by the record, *see Schneider v. Vennard (In re Apple Computer Sec. Litig.)*, 886 F.2d 1109, 1112 (9th Cir.1989).

Because Shaw's adversary proceeding for professional malpractice involved the same issues she raised in opposition to her former counsel's application for legal fees, and the bankruptcy court actually decided those issues against her, Shaw's adversary proceeding was barred by issue preclusion. *See Durkin v. Shea & Gould*, 92 F.3d 1510, 1515 (9th Cir.1996) (explaining that issue preclusion bars the relitigation of issues actually litigated and necessarily determined by a court).

We have considered Shaw's remaining contentions and conclude that they lack merit.

Because this case does not present exceptional circumstances, we deny Shaw's request for appointment of counsel on appeal. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.