Cornelius O. OGUNSALU,
Plaintiff—Appellant,

v.

ROADWAY EXPRESS, INC; et al., Defendants—Appellees.

Nos. 02–55543, 02–55651.
D.C. No. CV–00–01771–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 20, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM**

Cornelius O. Ogunsalu appeals pro se the district court's summary judgment and denial of motions for reconsideration in his employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo and reconsideration orders for an abuse of discretion. *Ray v. Henderson,* 217 F.3d 1234, 1239 (9th Cir.2000); *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

■ The district court properly determined that Ogunsalu failed to set forth a prima facie case of employment discrimination because he failed to present evidence sufficient to create a genuine issue of material fact that he had performed his

job satisfactorily. *See Llamas v. Butte Cmty. Coll. Dist.,* 238 F.3d 1123, 1126 (9th Cir.2001) (stating that if employee can not establish prima facie case of disparate treatment, summary judgment is appropriate); *see also* Fed.R.Civ.P. 56(c) & (e) (requiring factual opposition to summary judgment to be made by affidavit). Similarly, summary judgment was proper on Ogunsalu's retaliation claim because he did not present admissible evidence showing that he engaged in a protected activity prior to his termination. *See Hashimoto v. Dalton,* 118 F.3d 671, 679–80 (9th Cir. 1997) (discussing protected activity).

■ The district court properly granted summary judgment on Ogunsalu's hostile work environment claim because he failed to set forth evidence showing severe or pervasive harassment sufficient to alter the terms of employment. *See Ray,* 217 F.3d at 1245.

■ The district court properly granted summary judgment on Ogunsalu's intentional infliction of emotional distress claim because he failed to present evidence either of outrageous conduct or causally related emotional distress. *See Simo v. Union of Needletrades, Indus. & Textile Employees, S.W. Dist. Council,* 316 F.3d 974, 992 (9th Cir.2003) (discussing elements of intentional infliction of emotional distress under California law).

■ Because Ogunsalu failed to show that allowing additional discovery would have precluded summary judgment, the district court did not abuse its discretion under Fed.R.Civ.P. 56(f). *See Byrd v. Guess,* 137 F.3d 1126, 1135 (9th Cir.1998). The magistrate judge's discovery order entered on February 22, 2002 correctly observed that Ogunsalu had not utilized the discovery extension he had previously received. Moreover, the magistrate judge

properly reviewed privileged personnel files *in camera* to determine their relevance before ruling on Ogunsalu's motion to compel production. *See* Fed.R.Civ.P. 26(b)(1) & (c)(1).

Because Ogunsalu did not present adequate grounds for reconsideration, the district court properly denied Ogunsalu's motions for reconsideration. *See Sch. Dist. No. 1J*, 5 F.3d at 1262–63.

■ The district court did not abuse its discretion by denying Ogunsalu's request for appointment of counsel because he did not show exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

We have considered Ogunsalu's remaining contentions and deny them as lacking merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.