Kenneth W.E. VANDERFORD, aka Kenneth W. Evans, Plaintiff—Appellant,

v.

UNITED STATES of America; et al., Defendants—Appellees.

No. 02–56358.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Kenneth W.E. Vanderford appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging race discrimination, disability discrimination, and due process violations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003), and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Vanderford's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court properly dismissed Vanderford's claims against the Merit Systems Protection Board judges based on judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

The district court properly dismissed Vanderford's equal protection and due process claims in the first amended complaint because Title VII and similar federal statutes provide the exclusive remedies for employment discrimination claims. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

Because Vanderford's second amended complaint failed to state a claim under Title VII or the Americans with Disabilities Act, the district court properly dismissed without leave to amend. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996).

The district court did not abuse its discretion by denying Vanderford's motion for appointment of counsel because Vanderford failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

We do not reach issues raised but not argued in Vanderford's opening brief. *See Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir.2001) ("issues raised in a brief which are not supported by argument are deemed abandoned").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.