**Rory L. MICKENS, Plaintiff— Appellant,**

v.

**STAFFORD CREEK CORRECTION CENTER; et al., Defendants— Appellees.**

No. 04–35306.

D.C. No. CV–03–05252–RBL.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted May 9, 2005.*

Decided May 13, 2005.

Rory L. Mickens, CBCC—Clallam Bay Corrections Center, Clallam Bay, WA, pro se.

Stefanie J. Weigand, AGWA—Office of The Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM**

Washington state prisoner Rory L. Mickens appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that prison officials failed to protect him from an assault by another inmate. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment for defendants because Mickens failed to raise a genuine issue of material fact as to whether prison officials were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Although Mickens attests that he told correctional officer Van Ogle on one occasion that he generally feared an assault, he

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

admits that he did not provide the name of a specific person who threatened him, and did not request protective custody. *See Berg v. Kincheloe,* 794 F.2d 457, 459 (9th Cir.1986) (holding that deliberate indifference does not require that an official "believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. [However], he must have more than a mere suspicion that an attack will occur.").

Mickens's contention that the district court abused its discretion by denying his request to appoint counsel lacks merit because he failed to demonstrate "exceptional circumstances" or a likelihood of success on the merits. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

**AFFIRMED.**