Anthony WATKINS, Plaintiff—
Appellant,

v.

M.H. SHABAZZ; H.M. Soto; J.R.
Escobar, Defendants—
Appellees.

No. 05–55071.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

774

Anthony Watkins, Imperial, CA, pro se.

Julie A. Bachman, Esq., Office of the California Attorney General, Los Angeles, CA, for Defendants—Appellees.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

■ Anthony Watkins, a California state prisoner, appeals pro se from the district court's summary judgment in his action alleging that prison officials interfered with his right to freely exercise his Muslim beliefs in violation of state law, the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc–1(a)(1)–(2), by failing to provide Halal meat as a part of his regular diet. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1029 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Watkins' First Amendment claim under the principles of *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). First, defendants established that running a simplified food service is rationally related to legitimate penological interests. *See Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir.1993). Second, it is undisputed that meat items in Watkins' meals were replaced with a nutritional equivalent and, in the alternative, Watkins was given the option of finding an outside religious organization to provide Halal meat at a *de minimis* cost to the prison and at no cost to Watkins. *See Turner*, 482 U.S. at 90–91, 107 S.Ct. 2254. Third, Watkins provided no evidence that he attempted to contact an outside organization,

and failed to contradict defendants' assertion that the expense of providing him with Halal meat would interfere with the prison's goal of running a simplified food service. *See id.* Finally, Watkins failed to identify ready alternatives to the policy demonstrating that it is unreasonable. *See id.*

■ The district court properly held that defendants did not substantially burden the free exercise of Watkins' religion in violation of RLUIPA because they gave him two alternatives to eating non-Halal meat: to eat the nutritionally equivalent meat substitute provided by the prison, or to find an outside religious organization to contract with the prison to provide Halal meat. *See* 42 U.S.C. § 2000cc–1(a); *see also San Jose Christian Coll.*, 360 F.3d at 1034 (explaining that a substantial burden on religious exercise must be oppressive to a significantly great extent and must impose a great restriction or onus upon such exercise) (internal quotation marks omitted).

■ The district court properly granted summary judgment on Watkins' Fourteenth Amendment equal protection claim because he failed to present evidence that prison officials intentionally discriminated against him on the basis of his Muslim faith. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir.1997).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Watkins' state law claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir.2001).

Watkins' remaining contentions, including those asserted in his supplemental brief received by this court on April 18, 2006, are unpersuasive.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■  Watkins' January 6, 2006, motion for appointment of counsel is denied because this appeal does not present exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

**AFFIRMED.**