**Alonzo REED, Plaintiff—Appellant,**

v.

**S. PETERSON; et al., Defendants—Appellees.**

No. 06–16336.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Alonzo Reed, Represa, CA, pro se.

Accordingly, we decline to consider them here.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

California state prisoner Alonzo Reed appeals pro se from the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging defendants violated his constitutional rights and state law in initiating charges and processing grievances related to disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly concluded Reed failed to state a claim that defendants' actions violated his right of access to courts, because Reed failed to allege an actual injury to his ability to present claims to courts. *See Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court also properly concluded Reed failed to state a retaliation claim, because he failed to allege defendant Peterson's actions had a chilling effect on his attempts to seek redress through the prison internal grievance system or the courts. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005).

The district court properly dismissed Reed's claims that defendant Kernan conspired and retaliated against him, because Reed offered only vague and conclusory

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

allegations in support of these claims. *See Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982).

The district court also properly concluded that Reed failed to state a claim under 42 U.S.C. § 1985(2), because he failed to allege defendants interfered with court proceedings. *See Loehr v. Ventura County Community College Dist.,* 743 F.2d 1310, 1320 (9th Cir.1984). Moreover, the district court properly dismissed Reed's claim under 42 U.S.C. § 1986 after he failed to allege a predicate violation of section 1985. *See id.*

Reed's remaining contentions are unpersuasive.

Reed's motion for appointment of counsel is DENIED because Reed failed to demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

**AFFIRMED.**