MEMORANDUM ***
Roman McCarthy, a Montana state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court’s order dismissing for failure to exhaust administrative remedies, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.
The district court properly dismissed the action because McCarthy did not complete the prison grievance process prior to filing suit. See Woodford v. Ngo, 548 U.S. 81, 85, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that proper exhaustion under § 1997e(a) is mandatory and requires compliance with the administrative grievance system’s procedural rules).
We deny McCarthy’s motion for appointment of counsel on appeal. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (requiring “exceptional circumstances” for the appointment of counsel).
McCarthy’s remaining contentions are unpersuasive.
AFFIRMED.

 disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.