**Rickey N. BOLES, Plaintiff— Appellant,**

v.

**Jean HILL; et al., Defendants— Appellees.**

**No. 07–35556.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 27, 2009.

Rickey N. Boles, Ontario, OR, pro se.

Judy C. Lucas, AGOR–Office of The Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Rickey N. Boles, an Oregon state prisoner, appeals pro se from the district court's judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging delib-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

erate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

Summary judgment was properly granted in favor of Superintendent Jean Hill because Boles failed to raise a genuine issue of material fact as to whether Hill was personally involved in his medical care. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

Summary judgment was properly granted in favor of the remaining defendants because, assuming a serious medical need, Boles failed to raise a genuine issue of material fact as to whether these defendants were deliberately indifferent to his pectoral muscle injury. *See Toguchi*, 391 F.3d at 1057–58 (explaining that prison officials must know of and disregard a substantial risk of serious harm for their conduct to constitute deliberate indifference, and that a difference of medical opinion concerning treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Boles's request for appointment of counsel, *see Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991), or by declining to appoint an expert witness, *see Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999).

We deem abandoned Boles's contention that the district court abused its discretion by denying his motion for discovery. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir.2003) (deeming abandoned issues raised but not argued on appeal).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Boles's request for appointment of counsel on appeal is denied.

**AFFIRMED.**

