**Camille Anjanette SNOWDEN, Plaintiff–Appellant,**

v.

**Jack POTTS; et al., Defendants–Appellees.**

**No. 08–16156.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Camille Anjanette Snowden, Fairfield, CA, pro se.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Camille Anjanette Snowden, a former detainee at Estrella Jail in Maricopa County, Arizona, appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm in part, vacate in part, and remand.

The district court properly dismissed Snowden's claims against defendants Potts and Cohen because Snowden did not allege any facts suggesting that they were deliberately indifferent to her medical needs. *See Gibson v. County of Washoe, Nev.,* 290

F.3d 1175, 1187 (9th Cir.2002) (stating that the "deliberate indifference" standard is satisfied "only if the person knows of and disregards an excessive risk to inmate health and safety"). To the extent Snowden intended to assert an access to courts claim against Potts, her allegations failed to show that Potts frustrated or impeded a nonfrivolous legal claim. *See Lewis v. Casey,* 518 U.S. 343, 349–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court concluded that Snowden failed to state a substantive due process claim against defendant Lamorre because Snowden failed to allege that she was punished without some legitimate governmental purpose. However, Snowden's allegations, liberally construed, present a colorable substantive due process claim because she alleged that when she complained to Lamorre about previous disciplinary write-ups Lamorre responded "that if [she] continue[d] to appeal, [she] would be reclassified. I was re-classified to closed custody ... and put on segregation and restriction." *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (stating that a pro se complaint, however inartfully pleaded, is to be liberally construed); *Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1160–61 (9th Cir.2003) (stating that a restriction on a pretrial detainee amounts to impermissible punishment if it is not reasonably related to a legitimate governmental objective). Further, given these allegations, it is not clear that any deficiencies in stating a procedural due process claim could not be cured through amendment. *See Mitchell v. Dupnik,* 75 F.3d 517, 524 (9th Cir.1996) ("[A] pretrial detainee may not be punished without a due process hearing."). Accordingly, we

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vacate the district court's dismissal of Snowden's due process claims against Lamorre.

Snowden's remaining contentions are unpersuasive.

Snowden's motion for appointment of counsel is denied because she failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

Snowden shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**