**Michael A. DAWES, Plaintiff–Appellant,**

v.

**George CONTRERAS, Phoenix Police Officer, Defendant–Appellee.**

No. 08–15528.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

884

Michael A. Dawes, Florence, AZ, pro se.

Lawrence Jay Wulkan, Holloway Odegard Forrest Kelly & Kasparek, PC, Phoenix, AZ, for Defendant–Appellee.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Michael A. Dawes appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that Police Officer Contreras violated Dawes's constitutional rights by ramming a van into the police car in which Dawes was seated, and by delaying medical treatment for Dawes's injuries. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998), and we affirm.

■ The district court properly granted summary judgment on Dawes's collision claim because Dawes failed to produce evidence suggesting that Officer Contreras acted for the purpose of causing harm, *see County of Sacramento v. Lewis*, 523 U.S. 833, 836, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), or acted with deliberate indifference to, or with reckless disregard for, Dawes's rights, *see Tennison v. City & County of San Francisco*, 570 F.3d 1078, 1088 (9th Cir.2009).

The district court properly granted summary judgment on Dawes's medical claim because Dawes failed to raise a triable issue as to whether the delay in receiving medical treatment amounted to a constitutional violation. *See Frost*, 152 F.3d at 1130 (holding that pretrial detainee did not establish that defendants were deliberately indifferent to his medical needs as to "alleged delays in administering his pain medication, in treating his broken nose, and in providing him with a replacement crutch").

■ The district court did not abuse its discretion by denying Dawes's motions for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appointment of counsel because Dawes failed to demonstrate "exceptional circumstances" warranting appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

Dawes's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.