FILED

**NOT FOR PUBLICATION**

MAR 31 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALVIN ROUSE,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>DOUG WADDINGTON; et al.,<br><br>    Defendants - Appellees. | No. 09-35131<br><br>D.C. No. 3:06-cv-05183-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted March 16, 2010[**]

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

 Calvin Rouse, a Washington state prisoner, appeals pro se from the district

court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging

discriminatory placement in administrative segregation, deliberate indifference to

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IL/Research

09-35131

serious medical needs, and excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir. 2004), and for abuse of discretion its refusal to appoint counsel, *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), and we affirm.

The district court properly granted summary judgment for defendants on Rouse's discrimination claim because Rouse offered no evidence that prison officials were motivated by discriminatory animus against Rouse on the basis of his race or religion when they placed him in administrative segregation. *See Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988) ("[P]urely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment.").

The district court properly granted summary judgment for defendants on Rouse's claim that they were deliberately indifferent to his skin infection, which Rouse concedes medical staff treated. *See Toguchi*, 391 F.3d at 1060 ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

IL/Research

The district court properly granted summary judgment for defendants on Rouse's claim that they subjected him to excessive force because Rouse failed to raise a triable issue as to whether correctional officers acted in a good-faith effort to restore order or maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The district court did not abuse its discretion by failing to appoint counsel for Rouse because, to the extent Rouse had sought the appointment of counsel, he did not establish the requisite exceptional circumstances. *See Terrell*, 935 F.2d at 1017 (affirming refusal to appoint counsel where plaintiff's writing and legal knowledge were sufficient, matter was not substantially complex, and plaintiff was unlikely to succeed on merits).

Rouse's remaining contentions are unpersuasive.

**AFFIRMED.**