**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO CORTEZ, | No. 09-15690 |
| Plaintiff - Appellant, | D.C. No. 5:06-cv-03827-JW |
| v. | |
| C. NOLL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted September 22, 2010[**]

Before:    WALLACE, HAWKINS and THOMAS, Circuit Judges.

Roberto Cortez ("Cortez"), a California state prisoner, appeals pro se from

the summary dismissal of his 42 U.S.C. § 1983 action alleging prison officials

violated his rights under the Religious Land Use and Institutionalized Persons Act

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("RLUIPA") by disciplining him for refusing to comply with the prison body-piercing regulations.

The district court did not abuse its discretion when it denied Cortez's requests for appointment of counsel because he did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The district court assumed that Cortez sincerely believed that wearing body piercings is mandated by his religion, but concluded that he had not shown that his inability to wear them resulted in a substantial burden on the exercise of his religion. However, viewing the evidence in the light most favorable to Cortez, we conclude that Cortez sufficiently demonstrated a prima facie claim that the grooming policy and its punitive sanctions constituted a substantial burden on the exercise of his religious beliefs. *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (RLUIPA bars inquiry into whether a particular belief or practice is central to a prisoner's religion); *Warsoldier v. Woodford*, 418 F.3d 989, 994-96 (9th Cir. 2005) (grooming policy imposed a substantial burden on an inmate's religious practice where it intentionally put significant pressure on inmates to abandon their religious beliefs).

Accordingly, we vacate summary judgment on Cortez's RLUIPA claim and remand to the district court to consider, in the first instance, whether the piercing

2                                                                                              09-15690

regulation was the least restrictive means of furthering a compelling government interest. *See Greene v. Solano County Jail*, 513 F.3d 982, 988-90 (9th Cir. 2008).

Appellees shall bear Cortez's costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**