FILED

APR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>B. FLEMING; et al.,<br><br>　　　　　Defendants - Appellees. | No. 13-16026<br><br>D.C. No. 2:12-cv-01965-WBS-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted April 7, 2014[**]

Before:　　TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Roberto Herrera appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process violations in connection with his gang validation proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state a claim under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Herrera's due process claim because, even assuming that Herrera had a liberty interest in avoiding confinement in the Security Housing Unit, Herrera failed to allege facts sufficient to show that he was denied due process. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (prison officials need only provide the inmate with notice of the charges against him and an opportunity to present his views and a prison gang validation need only be supported by "some evidence"); *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (a prisoner possesses a liberty interest only when a change occurs in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" (citation and internal quotation marks omitted)).

To the extent that Herrera intended to allege a claim for retaliation, the district court properly dismissed Herrera's retaliation claim because Herrera failed to allege facts sufficient to show that defendants retaliated against him for exercising his constitutional rights. *See Bruce*, 351 F.3d at 1288 (explaining elements of a prison retaliation claim under § 1983).

The district court did not abuse its discretion in denying Herrera's motions for appointment of counsel because Herrera failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and explaining "exceptional circumstances" requirement).

**AFFIRMED.**