NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN LAMARR ANDRES, | No. 15-56057 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01733-DMS-BGS |
| v. | |
| MARSHALL, Correctional Officer at RJ Donovan; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

California state prisoner Kevin Lamarr Andres appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging an unlawful strip

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

search and denial of due process.[1]  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (legal

rulings on exhaustion); *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008)

(dismissal under Fed. R. Civ. P. 12(b)(6)).  We may affirm on any basis supported

by the record, *Thompson*, 547 F.3d at 1058-59, and we affirm.

The district court properly dismissed Andres' strip search claim against

defendant Marshall because Andres failed to exhaust his administrative remedies

in a proper manner.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper

exhaustion [of administrative remedies] demands compliance with an agency's

deadlines and other critical procedural rules[.]").

Dismissal of Andres' due process claim against defendant Briggs alleging

improper processing of grievances was proper because Andres "lack[s] a separate

constitutional entitlement to a specific prison grievance procedure." *Ramirez v.*

*Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court did not abuse its discretion by dismissing Andres' claim

against Briggs without granting leave to amend because amendment would be

futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th

[1] We address Andres' excessive force claim in a concurrently filed opinion.

2                                                                 15-56057

Cir. 2011) (setting forth standard of review).

The district court did not abuse its discretion by denying Andres' motions to appoint counsel because Andres did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requirements for appointment of counsel).

We reject as without merit Andres' contentions regarding discovery because the record was sufficiently developed to resolve his claims.

Andres' motions to take judicial notice (Docket Entry Nos. 16 and 17) are granted.

Andres' motion to amend and supplement claim (Docket Entry No. 16) is denied.

Andres' motions to appoint counsel (Docket Entry Nos. 16 and 20) are denied.

Andres' motion to withdraw (Docket Entry No. 21) is denied as moot.

Appellees shall bear the costs on appeal.

**AFFIRMED.**

15-56057