NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH J. SCHIRO, | No. 15-15266 |
| Plaintiff-Appellant, | D.C. No. 3:10-cv-00203-RCJ-VPC |
| v. | |
| STEPHEN CLARK, Sgt.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Nevada state prisoner Kenneth J. Schiro appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims, including a due process violation in connection with a disciplinary hearing.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the basis of collateral estoppel or issue preclusion. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016). We affirm.

The district court properly dismissed Schiro's due process claim against defendant Clark because Schiro is collaterally estopped from relitigating issues relating to his April 7, 2008 disciplinary hearing that the Nevada courts resolved. *See Allen v. McCurry*, 449 U.S. 90, 97-98 (1980) (federal claim collaterally estopped by prior state court litigation); *Arduini v. Hart*, 774 F.3d 622, 629 (9th Cir. 2014) (elements of issue preclusion under Nevada law).

The district court did not abuse its discretion in denying Schiro's motion to appoint counsel because Schiro did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (standard of review and requirements for appointment of counsel).

We do not consider the dismissal of Schiro's other claims because Schiro does not raise any arguments about those claims in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

We lack jurisdiction to consider the district court's post-judgment order denying Schiro's Federal Rule of Civil Procedure 60(b) motion because Schiro

failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (appellant generally must file a separate notice of appeal or amend a previously filed notice of appeal to secure review of a post-judgment order).

**AFFIRMED.**