NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL HOPKINS,

        Plaintiff-Appellant,

  v.

R. BUSTOS, Correctional Officer; et al.,

        Defendants-Appellees.

No.   17-56084

D.C. No.
3:15-cv-00788-JLS-PCL

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted October 24, 2019
Pasadena, California

Before:  CALLAHAN, OWENS, and R. NELSON, Circuit Judges.

    Plaintiff-appellant, Michael Hopkins, a developmentally-disabled California

prisoner, appeals the district court's grant of summary judgment for defendants-

appellees, the Secretary of the California Department of Corrections and

Rehabilitation (CDCR) and other California prison officials (collectively the

"Secretary"), in his action under 42 U.S.C. § 1983 alleging that prison officials

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violated his Fourteen Amendment rights by denying him adequate assistance with reading and writing, thereby frustrating his ability to participate in the prison grievance process. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court, in granting summary judgment for the Secretary, did not err in applying a constitutional standard to Hopkins' claims. Hopkins argues that the district court should have liberally construed his pro se complaint and treated his constitutional claims as statutory violations under the American Disabilities Act (ADA) and the Rehabilitation Act (RA). According to Hopkins, the district court should have applied the ADA/RA standard set forth in *Alexander v. Choate*, 469 U.S. 287 (1985) by determining whether Mr. Hopkins had "meaningful access" to services as defined in *Clark v. California*, 739 F. Supp. 2d 1168 (N.D. Cal. 2010).

Hopkins has not cited any clear legal authority requiring that the district court address his claims under the ADA/RA, rather than under due process principles. Moreover, the district court's legal analysis incorporated the ADA/RA "meaningful access" standard and effectively turned on whether Hopkins received *Clark*-mandated assistance. Hopkins has not shown that, on this record, a strict application of the ADA/RA standard would change the result.

2. The district court did not overlook genuine issues of material fact in granting summary judgment for the Secretary. Summary judgment is appropriate

2

when there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Although all reasonable inferences must be drawn in favor of Hopkins as the non-moving party, a "motion for summary judgment may not be defeated . . . by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Hardage v. CBS Broad. Inc.*, 427 F.3d 1177, 1183 (9th Cir. 2006). Hopkins' declarations, uncorroborated by other testimony or other persuasive evidence, cannot create a genuine issue of fact sufficient to defeat summary judgment. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Hopkins has failed to point us to any specific evidence in the record that presents a genuine dispute of material fact as to whether he was denied meaningful access to reading and writing assistance, the prison grievance process in general, or protection from abuse as defined in *Clark*. The record, particularly the Adaptive Support Logs, demonstrates that Hopkins received daily assistance from prison staff following his designation as a Developmental Disability Program inmate. Although Hopkins' filings present conclusory allegations that he was denied *Clark*-mandated assistance, he has not presented any evidence to refute the logs or

3

explain how the level of assistance he received was insufficient under *Clark*. Thus, we affirm the district court's grant of summary judgment.

3. Finally, the district court did not abuse its discretion by denying Hopkins' motions for appointment of counsel. Under 28 U.S.C. § 1915(d), a court may appoint counsel upon a finding of "exceptional circumstances," which "requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal quotations omitted). The district court declined to make an explicit finding regarding Hopkins' likelihood of success on the merits, but this does not amount to reversible error given Hopkins' inability to present a genuine issue of material fact as to his claims. Moreover, the record demonstrates that Hopkins, despite his developmental disability, was able to adequately represent himself and articulate his claims sufficiently for the court to consider them on their merits. Accordingly, the district court did not abuse its discretion in denying Hopkins' motions for appointment of counsel.

**AFFIRMED.**